UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARTISANAL 2015, LLC,

__ CV __

Plaintiff,

New York Supreme Court
Index No. 653238/2017

v.

387 Park South LLC,

Defendant.
------------------------------------------------------------------x

## DECLARATION IN SUPPORT OF REMOVAL OF STATE COURT ACTIONS

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK      )

Kevin J. Nash declares the following under penalties of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a member of the law firm of Goldberg Weprin Finkel Goldstein LLP, special bankruptcy counsel to Artisanal 2015 LLC (the "Debtor").

2. I respectfully submit this Declaration in support of removal of the State Court Actions (as defined herein) to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") to be heard in connection with the Debtor's pending Chapter 11 case pursuant to 28 U.S.C. §§ 1334 and 1452 and Bankruptcy Rule 9027(a)(2)(B).

## BACKGROUND

3. The Debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York before the Hon. James L. Garrity, Jr. (Case No. 17-12319) on August 21, 2017.

{00899822.DOC;1 }

4.     The Debtor's Chapter 11 proceeding was triggered by multiple lease disputes between the Debtor and its landlord 387 Park South L.L.C. (the "Landlord") which threatened the Debtor's continuing rights with respect to its restaurant lease, dated October 5, 2017, as amended (the "Lease"). The Landlord contends that the Debtor is in default under the Lease based upon alleged failures to pay rent and to maintain the requisite insurance coverage.

5.     The Debtor disputed these allegations and commenced two separate actions in New York Supreme Court addressing each of the alleged defaults, replete with requests for a "Yellowstone" injunction to extend the Debtor's time to cure any defaults under the Lease.[1]

6.     The first action was filed on January 6, 2017 and is currently pending in the Supreme Court of the State of New York, County of New York entitled: Artisanal 2015 LLC v. 387 Park South LLC, Index No.: 0650103/2017 (the "First Action").

7.     In the First Action the Debtor sought, *inter alia*, the following prayers for relief: (a) an injunction enjoining and restraining the termination, cancellation, or abbreviation of the Lease, or any impairment of the Debtor's use and occupancy and (b) a judgment declaring the Debtor was not in default under the Lease based upon a fixed rent commencement date of 330 days after March 6, 2017 or January 30, 2018.

8.     On June 14, 2017, the Debtor filed a second action, which is also currently pending in the Supreme Court of the State of New York, County of New York entitled: Artisanal 2015 LLC v. 387 Park South LLC, Index No.: 653238/2017 (the "Second Action," together with the First Action, the "State Court Actions").

---

[1] A "Yellowstone" injunction prevents the termination of lease by tolling a cure period, pending a determination of the alleged default by a State Court and is derived from the New York Court of Appeals decision in First Nat'l Stores v. Yellowstone Shopping Ctr., 21 N.Y.2d 630, 635, 638, 237 N.E.2d 868, 869, 871, 290 N.Y.S.2d 721, 723, 725 (1968). A Yellowstone injunction was granted in the First Action, but denied in the Second Action.

{00899822.DOC;1 }

9. In the Second Action, the Debtor sought, *inter alia*, the following prayers for relief: (a) a judgment that the Debtor is in full compliance under the Lease; and (b) an injunction enjoining and restraining the Landlord from terminating the Lease based upon the receipt of insurance without a lapse in coverage

10. The State Court Actions were each stayed pursuant to section 362(a) of the Bankruptcy Code by virtue of the Debtor's ensuing Chapter 11 filing.

11. During the bankruptcy case, the Landlord moved for various forms of relief, including dismissal of the Debtor's chapter 11 proceeding, or alternatively, relief from the automatic stay to proceed with the State Court Actions. The Debtor opposed the Landlord's motion and filed its own adversary proceeding in the Bankruptcy Court seeking substantially the same relief sought in State Court Actions in the form of a declaratory judgment that (a) the Lease was not properly terminated prior to the Debtor's bankruptcy filing; (b) re-establishing the rent commencement date under the Lease; and (c) corresponding rent credits and offsets for rents previously paid to the Landlord.

12. The Bankruptcy Court entered an order on November 14, 2017, following an extensive written decision, denying the Landlord's motion to dismiss but granting relief from the automatic stay to proceed with the State Court Actions. A copy of the order is attached hereto as Exhibit "A".

13. In light of the vacatur of the automatic stay, the Debtor is now seeking to remove the State Court Actions to the Bankruptcy Court pursuant to Bankruptcy Rule 9027(a)(2)(B).

14. The Debtor is filing two separate removal petitions, one for the First Action and a separate petition for the Second Action under each state court index number. However, the

removal of both actions is based on this unified Declaration, since the issues are inextricably intertwined and should be dealt with together.

## BASIS FOR REMOVAL

15. Bankruptcy Court removal is proper because the State Court Actions directly and materially impact the continuing vitality of the Debtor's sole asset, to wit, its rights as a tenant under the Lease, without which the Debtor cannot possibly hope to reorganize in Chapter 11. Indeed, the Debtor's current reorganization strategy is to assume and assign the Lease to a third-party for consideration and thereby generate funds from which the Debtor will be able to fund a plan of reorganization. Thus, unless the Debtor can sustain the continuing validity of the Lease any opportunity for a successful reorganization will be forfeited.

16. Given the obvious connection between the validity of the Lease and the Debtor's prospects for reorganization, the Bankruptcy Court is the proper forum to resolve all matters relating to the validity of the alleged defaults. Moreover, the timing of such a determination is critical since the Debtor has a limited window with which it can assume or reject its Lease — 120 days from the Debtor's filing, or December 19, 2017, subject to an additional 90 days for cause. See 11 U.S.C. 365(d)(4).[2]

17. Given the fact that the Debtor's continuing tenancy rights are under challenge, which directly impact the Debtor's ability to assume and assign the Lease, the State Court Actions constitute core proceedings. Additionally, the State Court Action are core proceedings because they also involves resolution of claims or counterclaims by or against the Debtor (28 U.S.C. §157(b)(2)(C)); they directly implicate the use and sale of property belonging to the Debtor's

---

[2] The Debtor has already filed a motion to extend the 120 day deadline under section 365(d)(4) of the Bankruptcy Code, which is scheduled to be heard by the Bankruptcy Court on December 12, 2017.

{00899822.DOC;1 }

bankruptcy estate (28 U.S.C. §157(b)(2)(M) and (N)); and they involve the liquidation of assets of the estate and adjustment of debtor-creditor relationships under 28 U.S.C. §157(b)(2)(O).

18. In view of the foregoing, Debtor hereby removes the State Court Actions to the District Court for automatic referral to the Bankruptcy Court.

19. Copies of relevant pleadings for the Second Action are annexed hereto, identified as follows:

| | |
|---|---|
| Exhibit "B" - | Summons and Complaint filed by the Debtor |
| Exhibit "C" - | Answer filed by the Landlord |
| Exhibit "D" - | Decision and Order dated August 9, 2017 |
| Exhibit "E" - | Amended Order dated August 8, 2017 |
| Exhibit "F" | Decision and Order dated August 21, 2017 |
| Exhibit "G" | Docket of the Second Action.[3] |

Dated: New York, New York
November 29, 2017

GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
Special Counsel for the Debtor
1501 Broadway – 22nd Floor
New York, New York 10036
(212) 221-5700

By: /s/ Kevin J. Nash, Esq.

---

[3] If additional documents relating to the Second Action are required, the Debtor will submit such documents upon request.
{00899822.DOC;1 }